Breitel, J. (dissenting).
The judgment of conviction should be reversed and a new trial directed. An important part of the People’s case consisted of detailed admissions made by the defendant while in custody in the station house, after it was known to the questioning detectives that defendant was represented by a lawyer. Moreover, these detailed admissions were extracted by systematic questioning following an initial sympathetic comment designed to invite an outpouring of guilt-ridden confession. Almost all of these admissions were made in the absence of defendant’s lawyer, who was, however, present elsewhere in the station house. Nor is any issue of fact involved on which findings of fact might preclude this court’s review. The facts are undisputed. Such questioning violates the rule laid down in People v. Arthur (22 N Y 2d 325, 329): “ Once an attorney enters the proceeding, the police may not question the defendant in the absence of counsel unless there is an affirmative waiver, in the presence of the attorney, of the defendant’s right to counsel (People v. Vella, 21 N Y 2d 249). There is no requirement that the attorney or the defendant request the police to respect this right of the defendant.”
The rule laid down so plainly in the Arthur case was not novel. It was, indeed, the articulation and culmination of a distinct development in the court based on fundamental due process grounds (People v. Gunner, 15 N Y 2d 226, 231; People *161 v. Failla, 14 N Y 2d 178, 182-183; People v. Donovan, 13 N Y 2d 148, 151-152). Moreover, the rule was recently restated and characterized as being entitled to retroactive effect (People v. Miles, 23 N Y 2d 527, 542).
Nor does the Arthur case lay down merely a theoretical statement of its rule. It has been firmly accepted and applied. Neither the Kaye case (People v. Kaye, 25 N Y 2d 139) nor the McKie case (People v. McKie, 25 N Y 2d 19) represents a departure from the plainly stated rule in the Arthur case and the rule followed since. Indeed, this court in People v. Paulin (25 N Y 2d 445, 450), applying the Arthur rule, pointed out that in the McKie case there was neither custody nor interrogation of a lawyer-represented suspect, and that in the Kaye case, although the defendant was in custody and represented by a lawyer, there was not a single question asked and the defendant without solicitation volunteered his self-inculpating story. Significantly, in the Paulim case, there was barely-disguised devious questioning of a suspect as in this case, and the hearing court, the Appellate Division, and this court made short shrift of the argument that there was no interrogation and that the statements had been volunteered.
Perhaps most important of all, the majority, while emphasizing an accused’s protection against involuntary self incrimination, downgrades the right to counsel. Thus, the reliance on People v. Rodney P. (Anonymous) (21 NY 2d 1) involving an uncounselled accused and the ensuing analysis with reference to “representation by counsel”, in the context of this case, seems to prefer the protection against self incrimination over the right to counsel, an equally significant constutional protection (People v. Donovan, 13 N Y 2d 148, 151, supra).
Moreover, the fact that defendant’s lawyer was readily available elsewhere in the station house may indicate that defendant had chosen to answer questions without him, but mere availability of counsel is no substitute for the explicit procedures required before a defendant may be questioned in the absence of counsel. Nor is defendant’s choice valid if made without the advice of counsel, once counsel is retained or assigned.
The admissions should have been suppressed.
Accordingly, I dissent and vote to reverse and order a new trial.